IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENNIS L. McCAULEY,

      Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 2:20-cv-4957
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4) is **GRANTED**. It is therefore **ORDERED** that Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. In addition, for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### I.    BACKGROUND

On September 21, 2020, Petitioner filed this habeas corpus petition challenging his convictions after a jury trial in the Licking County Court of Common Pleas on aggravated drug possession and drug trafficking. Petitioner failed to set forth any grounds for relief. (ECF No. 1.) On October 9, 2020, the Court ordered the Petitioner to file a supplement to the Petition setting for the bases for his claims with facts in support, in compliance with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, within ten (10) days. (ECF No. 3.) To date, Petitioner has failed to comply with the Court's Order. On October 28, 2020, Petitioner filed a Supplement to Petition, which includes a copy of the Memorandum in

Support of Jurisdiction that he filed in the Ohio Supreme Court.  (ECF No. 5.)  Still, Petitioner does not indicate the bases for his claims or the factual grounds in support.  Thus, even liberally construing the pleadings, this Court is unable to decipher the nature of Petitioner's claims.

## II.    DISCUSSION

Petitioner's failure to set forth the bases for his claims requires dismissal.  Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Petitioner must specify the nature of his grounds for relief and state the facts in support of each ground.  Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication. *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Acord v. Warden, Lebanon Corr. Inst.*, No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (noting that although the court liberally construes a *pro se* petitioner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted)).  In this case, the undersigned cannot discern what errors of fact or law Petitioner seeks to advance.  It is therefore **RECOMMENDED** that this action be **DISMISSED**.

### DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                                 /s/ *Chelsey M. Vascura*
                                                                  CHELSEY M. VASCURA
                                                                  UNITED STATES MAGISTRATE JUDGE