**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DENNIS L. McCAULEY,**

       **Petitioner,**

       **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

       **Respondent.**

       **CASE NO. 2:20-CV-4957
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On November 17, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner failed to comply with the Court's Order directing him to specify the nature of his grounds for relief and state the facts in support of each ground.  (*See* ECF No. 6.)  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 7.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's Objection (ECF No. 7) is **OVERRULED**.  The Report and Recommendation is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner now states that the trial court improperly imposed a maximum sentence.  He also appears to assert that he is not guilty of the charges of aggravated drug possession and drug trafficking, because the drugs belonged to his girlfriend.  He did not earlier comply with the Court's order directing him to indicate the nature of his claims due to delays in the prison's mail

room.  However, even liberally construing these pleadings, the record plainly reflects no basis

for relief.

The state appellate court held that the trial court complied with state law in the imposition

of sentence:

> {¶53} Appellant was charged with one count of aggravated trafficking in drugs
> (methamphetamine) pursuant to R.C. 2925.11(A)(C)(1)(a) [Count I], a felony of
> the fifth degree; one count of aggravated trafficking in drugs (methamphetamine)
> pursuant to R.C. 2925.11(A)(C)(1)(b) [Count II], a felony of the third degree; and
> one count of aggravated trafficking in drugs (methamphetamine) pursuant to R.C.
> 2925.11(A)(2)(C)(1)(c) [Count III], a felony of the third degree. Counts II and III
> merged, and appellee elected to sentence upon Count III. The maximum prison term
> for a felony of the fifth degree [Count I] is one year. The maximum term for a
> felony of the third degree [Count III] is 3 years. Pursuant to R.C.
> 2925.03(A)(2)(C)(1)(c), Count III carries a presumption of a prison term. The trial
> court imposed a term of 1 year upon Count I and a term of 3 years upon Count III,
> to run concurrently. The sentences were within the statutory range for felonies of
> the third and fifth degrees. (Appellant received a total aggregate sentence of 4 years
> because the trial court also imposed a 1-year term for the violation of post-release
> control.)
>
> {¶54} At sentencing, the trial court specifically cited factors including appellant's
> criminal history, his self-serving statements and failure to take responsibility for his
> actions, and the status of his post-release control. Appellant continued to insist at
> sentencing that he was "set up" by Smith and bore no responsibility for the drugs
> in the house.
>
> {¶55} Based on the foregoing, we find the trial court considered the purposes and
> principles of sentencing [R.C. 2929.11] as well as the factors that the court must
> consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court
> has no obligation to state reasons to support its findings, nor is it required to give a
> talismanic incantation of the words of the statute, provided that the necessary
> findings can be found in the record and are incorporated into the sentencing entry.
>
> {¶56} While appellant may disagree with the weight given to these factors by the
> trial judge, appellant's sentence was within the applicable statutory range for a
> felony of the first degree and therefore, we have no basis for concluding that it is
> contrary to law.

*State v. McCauley,* 5th Dist. No. 19-CA-84, 2020 WL 2186776, at *7-8 (Ohio Ct. App. May 5,

2020).

The alleged violation of state law does not provide a basis for relief.

A state law claim fails to provide a basis for relief. It is not this Court's function, in the context of a habeas corpus proceeding, to interpret state law. That job is left to the state courts, and "the views of the state's highest court with respect to state law are binding on the federal court." *Wainwright v. Goode*, 464 U.S. 78, 84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983). Federal courts may issue a writ of habeas corpus only to remedy violations of federal law; "federal habeas corpus relief does not lie for errors of state law...." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).

*Powers v. Warden, London Corr. Inst*., No. 2:13-cv-1179, 2015 WL 46136, at *3 (S.D. Ohio Jan. 2, 2015). "[A] state court's interpretation, or misinterpretation, of its own sentencing laws and guidelines constitutes a matter of state concern only." *Id.*, at *4 (citing *Howard v. White*, 76 F. App'x 52, unpublished, 2003 WL 22146139, at *2 (6th Cir. 2003) (citations omitted)). Further, "[c]ourts have consistently held that '[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.'" *Croce v. Miller*, No. 1:15-cv-1758, 2017 WL 3394046, at *22 (N.D. Ohio July 12, 2017) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *Townsend v. Burke*, 334 U.S. 736 (1948) ("The sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); *Kerr v. Smith*, 2009 WL 88054 at *15 (N.D. Ohio Jan. 12, 2009) ("Claims which arise out of a state trial court's sentencing decision are not generally cognizable upon federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.") (quoting *Lucey v. Lavigne*, 185 F. Supp.2d 741, 745 (E.D. Mich. 2001)); *Rossbach v. Turner*, 2015 WL 3953063 at * 3 (N.D. Ohio June 9, 2015) ("It is well settled that a sentence that falls within the penalty set by statute normally does not violate the United States Constitution."); *Glenn v. Coleman*, 2014 WL 4983661 at * 20 (N.D. Ohio Oct. 6, 2014).

Petitioner does not allege, and the record does not reflect, that the trial court imposed a sentence beyond the statutory maximum term.

Likewise, to the extent that Petitioner now raises an independent or "free-standing" claim of actual innocence, that claim also does not provide him a basis for relief. *See Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[C]laims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation[.]"); *see also Patterson v. Tibbals*, No. 3:16-cv-098, 2018 WL 3957404, at *4 (S.D. Ohio Aug. 17, 2018) (claim of actual innocence fails to state a claim upon which relief can be granted) (citations omitted)).

For these reasons and for the reasons addressed by the Magistrate Judge, Petitioner's Objection (ECF No. 7) is **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

4

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

Date: December 4, 2020            _____s/James L. Graham_____
                                           JAMES L. GRAHAM
                                           UNITED STATES DISTRICT JUDGE